## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## Norfolk Division

**APRIL M.[1],**

      **Plaintiff,**

v.                                                     **CASE NO.: 2: 20-cv-194**

**ANDREW SAUL,**
**Commissioner of Social Security,**

      **Defendant.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff April M. ("Plaintiff"), proceeding pro se, brought this action under 42 U.S.C. §§ 1383(c)(3) and 405(g) seeking judicial review of the decision of the Commissioner of the Social Security Administration ("SSA" or "Defendant") denying her claim for supplemental security income benefits and disability insurance benefits. (ECF Nos. 5, 6). By order entered February 25, 2021, this action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C), and Rule 72(b) of the Federal Rules of Civil Procedure. (ECF No. 18).

## I. PROCEDURAL BACKGROUND

On July 13, 2020, Plaintiff, proceeding pro se, filed what she admits to be an incomplete Amended Complaint against the Social Security Administration ("SSA") seeking judicial review of SSA's denial of disability insurance benefits and supplemental security income.[2] (ECF No. 6).

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Plaintiff states in her Amended Complaint that she would supplement the Complaint with missing documentation from the Social Security Office, which she expected to receive sometime between July 13 and July 17, 2020. Other than her various unsupported requests for extensions, the court has received no submissions whatsoever from Plaintiff since the filing of her Amended Complaint on July 13, 2020.

1

After two extensions of the deadline for responding due to the pandemic, SSA filed an Answer to the Amended Complaint. (ECF No. 16). The matter was then referred to the undersigned United States Magistrate Judge, who entered an Order on February 26, 2021 setting out a briefing schedule in which Plaintiff was directed to file within 30 days a Motion for Summary Judgment with memorandum supporting her contentions and containing a statement of undisputed facts. (ECF No. 19). The Order also set out further briefing deadlines for the parties.

Plaintiff failed to file a Motion for Summary Judgment, or otherwise respond to the court's direction, by the deadline date, and on April 12, 2021 SSA moved to have the case dismissed for lack of prosecution. (ECF Nos. 20-21). In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was given an opportunity to respond to Defendant's Motion to Dismiss with any material that she wished to offer in rebuttal. (ECF No. 22). Plaintiff was advised that failure to submit any materials could result in an adverse judgment based on Defendant's motion. Plaintiff filed no response to the Motion to Dismiss.

Because Plaintiff failed to respond to the court's briefing order or the Motion to Dismiss, on May 4, 2021, the court issued a Show Cause Order directing her to show cause why her Complaint should not be dismissed for failure to prosecute or to comply with the Rules and Order of the court. (ECF No. 23). Plaintiff failed to respond to the court's Show Cause Order within the time limit set out in the Order. On May 28, 2021, after the deadline date set out in the Show Cause Order, Plaintiff filed a motion for extension of time to respond. (ECF No. 24). Plaintiff's motion did not, however, request any specific period of time for the extension, nor did it explain why the extension was being requested or why she failed to meet the previous deadlines. Accordingly, on June 22, 2021, the court entered a second Order to Show Cause directing Plaintiff to show cause within seven days (or June 29, 2021) why her Amended Complaint should not be dismissed for

failure to prosecute. (ECF No. 25). On June 29, 2021, Plaintiff telephoned the court stating she would be filing another Motion for Extension of Time. On July 2, 2021, after the third extension had expired, Plaintiff filed a letter response requesting 30-45 days to get her "full medical history." In addition to being untimely, the letter was not certified as served on opposing counsel.

## II. ANALYSIS

In the motion presently before the court, Defendant requests that Plaintiff's claim be dismissed pursuant to Federal Rule of Civil Procedure 41(b), which provides that a defendant may move for an involuntary dismissal when a plaintiff fails to prosecute or comply with a court order. Fed. R. Civ. P. 41(b). As stated above, Plaintiff has failed to comply with multiple orders of this court, multiple rules of court, and has otherwise failed to prosecute the case. The repeatedly extended deadlines for complying with the court's Orders have all expired and Plaintiff has provided no substantive response to the motion nor any explanation for her failure to respond. Her repeated requests for extension have included no basis for the court to find good cause for the additional time requested. The medical records absent from her original submission were known to her over a year ago and provide no basis for continually extending the court's deadlines. Although Plaintiff is proceeding pro se, that "status alone cannot excuse failure to comply with this court's Orders and procedural rules." Harold C. v. Social Sec. Admin., 220 U.S. Dist. LEXIS 107003 at *4-5 (W.D. Va. May 5, 2020).

## III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Defendant's Motion to Dismiss (ECF No. 20) be GRANTED and the instant action be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).

## IV. **REVIEW PROCEDURE**

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/ Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

July 6, 2021

4

## Clerk's Mailing Certificate

A copy of the foregoing was mailed this date to Plaintiff at:

9242 Treherneville Drive
Northampton County, VA 23405

A copy of the foregoing was also provided electronically this date to:

Daniel P. Shean
U. S. Attorney's Office (Norfolk)
101 W. Main Street, Suite 8000
Norfolk, VA 23510

Fernando Galindo, Clerk

By____E. Price_____
Deputy Clerk

____July 6_____, 2021